THOMAS A. McDONALD, PLAINTIFF, v. MATOIL SERVICE AND TRANSPORT COMPANY, DEFENDANT.

Submitted January 25, 1935—Decided June 7, 1935.

Before Justices LLOYD, CASE and BODINE.

For the rule, *Kessler & Kessler.*

*Contra, Andrew B. Crummy.*

The opinion of the court was delivered by

DONGES, J. This is a rule to show cause why a writ of attachment should not be quashed and a fund of $6,000 deposited with the clerk of the Supreme Court should not be released and paid to the defendant.

A writ of attachment was issued out of this court on October 10th, 1934, and three vessels, the Evelyn, the Helen and the Doris, were attached. Thereafter the vessels were released from the lien of the attachment upon defendant depositing $6,000 in court, and were sold.

The history of the case appears to be that on December 12th, 1932, these boats were seized by the United States coast guard for violation of the Prohibition act. On December 22d, 1932, libels were filed against them by the United States government. On December 24th, 1932, the United States marshal took the vessels into his custody where they remained down to and after the commencement of the attachment proceedings herein.

On May 29th, 1933, decrees were entered in the United States District Court for the district of New Jersey declaring the ships forfeited to the federal government. The owners appealed to the Circuit Court of Appeals and on August 16th, 1934, that court reversed the decree of the District Court and ordered the libels dismissed. The government petitioned the United States Supreme Court for a writ of *certiorari* to review this judgment and the petition was denied on October 22d, 1934. As stated above, on October 10th, 1934, while this petition was pending, the plaintiff caused the writ of attachment to be issued. On October 26th, 1934, the cause was remitted to the District Court with instructions to dismiss the libels. Up to this time the vessels had been in the custody of the United States marshal. The writ of attachment had

been executed on October 11th on one boat and on October 15th on the other two, by posting a copy of the writ on the vessels with the notation that the attachment was subject to any rights of the United States.

On November 2d the sheriff of Essex county placed a watchman on the Evelyn and the Helen. It is not clear from the stipulation of facts whether or not the sheriff of Hudson county ever took actual possession of the Doris, but it is immaterial.

On November 5th, 1934, the defendant entered a special appearance for the purpose of moving to quash the writ. On November 7th, Mr. Justice Bodine made an order releasing the vessels upon the payment into court of the sum of $6,000. On November 10th, the motion to quash came on before Mr. Justice Parker, who denied the motion and allowed the present rule.

Two grounds are urged. The first is that property in the custody of a court is not subject to attachment by another court. This is true, of course, where the purpose or effect would be to defeat the jurisdiction of the court first having custody or to interfere with the proper administration of justice by that court, and the cases cited by defendant deal with such situations. It has been held, however, that a levy may be made subject to a prior lien, where the property is left in the custody of the marshal. *Gumbel* v. *Pitkin,* 124 *U. S.* 131.

The cases cited by defendant where the action was in replevin are not controlling because of the different nature of a replevin action. In the instant case there was no attempt to take the property out of the custody of the United States marshal or to defeat the jurisdiction of the United States courts. We are of the opinion that the writ of attachment was good as against the defendant owner.

The second point is that the writ should be quashed because the respective sheriffs did not take the vessels into their custody and possession. In the first place, it appears that the sheriff of Essex did take the two boats in that county into his possession after their release by the marshal, to wit on Novem-

ber 2d, 1934, before the defendant made its move to quash. In the second place, it is not clear how defendant was harmed or how it can raise such a question as this. Innocent third parties who acquired interests in ignorance of the writ might be in a position to complain, but it is immaterial as far as defendant is concerned whether the possession of the sheriff is actual or constructive. In the third place, the order of Mr. Justice Bodine permitting the release of the boats recites that the writ was duly executed and returned. The stipulation of facts recites that this order was prepared and submitted by the defendant, and it may be said, therefore, that defendant has estopped itself to contest the validity of the execution of the writ.

The rule to show cause is discharged.